REQUESTED BY: Senator Jerome Warner Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Warner:
You have asked our opinion as to the constitutional validity of section 5 of LB 26. We have reservations about the validity of the amendment to be effected by that section, as it appears to involve unreasonable class legislation.
LB 26 amends Neb.Rev.Stat. §§ 77-1343, 77-1345,77-1347, and 77-1348 (Reissue 1981), which are portions of the so-called `greenbelt law' providing for special assessment of certain lands used for agricultural purposes. In general, it provides that land in an agricultural use zone and used exclusively for agricultural purposes, shall, upon application, be assessed at its value for agricultural use and not at the value it would have if devoted to other than agricultural uses.
Sections 1 through 4 of the bill would further define what is meant by `agricultural use' and `agricultural use zone,' so that, presumably, some property which had previously qualified for the special assessment would no longer do so, and would, after the effective date of the act, be assessed at its actual value for other than agricultural uses.
Section 77-1348 now provides that when land that has received the special assessment becomes disqualified for such assessment, the amount the taxes on the land would have been increased during the last five years, but for the special assessment, shall be added back to the taxes due on the land, together with interest at the rate of six percent from the dates such additional taxes would have been payable if no special assessment had been in effect.
Section 5 of LB 26 amends § 77-1348 to provide that where land which has been receiving the special assessment becomes disqualified on the effective date of the act solely because of the amendment of §§ 77-1343, 77-1344, and 77-1347
by LB 26, the additional taxes which would have been payable shall not be collected. This, in our opinion, raises serious classification problems.
Section 77-1347, as amended by LB 26, specifies the situations under which land receiving the special assessment shall become disqualified. They include notification by the taxpayer to the assessor to remove the special assessment, sale to a new owner who does not make a new application within sixty days, transfer by reason of death to a new owner who does not make a new application within 120 days, sale or transfer to an ownership making the land exempt from ad valorem taxation, the occurrence of an event which would prevent the application of the special assessment, or the land not being in an agricultural use zone.
Now let us consider two pieces of real estate, across the road from each other, both of which have been receiving the special assessment for more than five years. A zoning boundary runs down the middle of the road, and tract A is in a zoning area which qualified it for the special assessment under the old law, but not under the law as amended by LB 26. Tract B is in a zoning area which qualified for such special assessment under the old law, and also under LB 26.
Now let us assume that one week after the effective date of LB 26 both tracts of land are sold, and are devoted to residential, industrial, or commercial purposes. As to tract B, the assessor clearly has the duty to go back five years, calculate the additional taxes which would have been due, and add such additional taxes, plus interest, to the taxes due on such land.
As to tract A, however, it became disqualified because of the operation of LB 26, not because of the sale or change of use. Therefore, under section 5 of LB 26, there would be no recovery of the additional taxes. This constitutes putting the owners of tract A in a different class from the owners of tract B, with tract A being in the more favorable position.
We are unable to discern any logical justification for such a result.
Article III, Section 18, of the Nebraska Constitution forbids unreasonable class legislation. Our court has again and again said that a legislative classification, in order to be valid, must be based upon some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified. See, e.g., City of Scottsbluff v.Tiemann, 185 Neb. 256, 175 N.W.2d 74 (1970), and State exrel. Douglas v. Marsh, 207 Neb. 598, 300 N.W.2d 181 (1980).
Here we have one class, composed of tracts of land qualifying for the special assessment under the law in effect before the effective date of LB 26. Both tract A and tract B are in that class. Their utilization of that treatment carries with it the obligation to pay the tax saved during the five years preceding the termination of such special treatment, with interest, at the time of such termination. Now, suddenly, LB 26 would relieve the tract which was least qualified for such special treatment in the first place from the obligation to repay such additional taxes, while leaving the other tract saddled with the obligation. We fail to see the logic or justice of it.
Perhaps we could defend a provision that the passage of LB 26 would not, by itself, trigger an obligation to repay the additional taxes, so long as the actual use or ownership of the land had not changed. We might argue that in that situation, where the status of the land was changed solely by legislative action, it was not unreasonable to not require the immediate payment of the taxes saved during the preceding five years.
Where, however, after the effective date of LB 26 some event takes place, such as a change in the use of the property, which would require the payment of taxes saved during the preceding five years on property still receiving the special treatment, that event must also require the payment of taxes saved during the preceding five years on property disqualified by LB 26.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General